### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Lois Anno**<br>**205 Lawver Drive SE**<br>**New Philadelphia, OH 44653**<br><br>   **Plaintiff,**<br>  **v.**<br><br>**Credit One Financial d/b/a Credit One Bank**<br>**311 South Divisions Street**<br>**Carson City, Nevada 89703**<br><br>**and**<br><br>**JOHN AND JANE DOES 1-10**<br><br>   **Defendants.** | **CASE NO.:** _____<br><br><br><br>**JUDGE**<br><br><br><br>**COMPLAINT**<br><br><br><br>**A Trial by the Maximum Number of Jurors is hereby Demanded** |

  Here comes Plaintiff Lois Anno, (hereinafter "Plaintiff") and sets forth a *Complaint* against Defendant Credit One Financial d/b/a Credit One Bank (hereinafter "Credit One") and Defendant John and Jane Does 1 – 10 (Collectively "Defendants") as follows:

## JURISDICITON

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2. Jurisdiction is proper in the Court pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Lois Anno (hereafter "Plaintiff"), is an adult individual whose residence is in New Philadelphia, Ohio, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. The Defendant, Credit One Financial d/b/a Credit One Bank ("Credit One"), is a Nevada business entity with an address of 311 South Divisions Street, Carson City, Nevada 89703, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

6. Defendants John and Jane Does 1 - 10 are the individual agents for Credit One, but whose names are unknown. The Complaint will be amended to add their names when they are determined through discovery.

7. Credit One at all times acted by and through one or more of the Agents.

## FACTS

8. Within the last four years, Credit One called Plaintiff's cellular telephone, number 330-XXX-3350 in an attempt to contact a person unknown to Plaintiff.

9. During all times mentioned herein, Credit One called Plaintiff by using an automatic telephone dialing system ("ATDS" or "predictive dialer).

10. Upon answering Credit One's calls, Plaintiff was met with a period of silence and then oftentimes transferred to a live representative who would request to speak with "Donnie McAfee".

11. Plaintiff advised Credit One that they were calling the wrong number and requested that all calls to her cease.

12. Plaintiff never provided her cellular telephone number to Credit One and never provided her prior express consent for the calls.

13. Credit One's calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration and annoyance.

## COUNT I

### (Violations of the Telephone Consumer Protection Act)
### (47 U.S.C. § 227, et seq.)

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. At all times mentioned herein and within the last year, Defendant called Plaintiff on his cellular telephones using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

16. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or

3

a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

17. Defendants telephone systems have some earmarks of a Predictive Dialer.

18. Often times when Plaintiff answered the phone, he was met with a period of silence before Defendants' telephone system would connect him to the next available representative.

19. Upon information and belief, Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. Defendants contacted Plaintiff by means of automatic telephone calls to his cellular phone knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

21. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

22. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### (Violation of the Ohio Consumer Sales Practices Act ("OCSPA"))
### (O.R.C. § 1345.01, et seq.)
### (Against Defendants United only)

25. Plaintiff incorporates by reference all of the above paragraphs as if fully restated herein.

26. Plaintiff is a "Consumer" as defined by O.R.C. § 1345.01(D).

27. Defendant is a "supplier" as defined by O.R.C. § 1345.01(C).

28. At all relevant times the Defendant was engaged in a "consumer transactions" as "suppliers" as defined in O.R.C. § 1345.01(A).

29. O.R.C. §1341.02 prohibits "suppliers" from using unfair or deceptive practices.

30. O.R.C. §1341.03 prohibits "suppliers" from using unconscionable consumer sales acts or practices.

31. Defendants' acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants is subject to punitive damages.

32. Defendants' acts and omissions, when a duty to act was owed, constitute numerous and multiple violations of the OCSPA, including every one of the above-cited provisions and as such Plaintiff is entitled to damages

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent

5

   pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Actual damages pursuant to O.R.C. § 1345.09(A) against Defendants;

4. Costs of litigation and reasonable attorney's fees pursuant to O.R.C. § 1345.09(F)(1) against Defendants;

5. Three times the amount of Plaintiff's actual damages or two hundred dollars, whichever is greater, pursuant to O.R.C. § 1345.09(B); and

6. Such other and further relief as this Court may determine to be just and proper.

Dated: <u>February 14, 2017</u>

        Respectfully submitted,

        By: <u>/s/ *Sergei Lemberg*</u>

        Sergei Lemberg, Esq.
        LEMBERG LAW, L.L.C.
        43 Danbury Road, 3rd Floor
        Wilton, CT 06897
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424
        Email: slemberg@lemberglaw.com
        Attorneys for Plaintiff:
        Lois Anno

## JURY DEMAND

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

      /s/ *Sergei Lemberg*
      Sergei Lemberg, Esq.